(No. 78-CC-2446 — )

ROY E. HOFER, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 4, 1978.*

GARY M. ROPSKI, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; FRANCIS M. DONOVAN, Assistant Attorney General, for Respondent.

PER CURIAM.

The Claimant in this case seeks recovery under a theory of contract in two counts. Both counts are founded upon a contract and supplement thereto between Claimant, Roy E. Hofer, of the law firm of Hume, Clement, Brinks, William and Olds, Ltd., (hereinafter referred to as the Hume Firm) and the Illinois Pollution Control Board (hereinafter referred to as the Board). The first count prays for an award of $21,684.76 pursuant to the terms of the contract and supplement thereto. The second count prays for an award of $29,956.01 under a theory of quantum meruit for the value of services rendered pursuant to the contract and supplement thereto. For purposes of this opinion only the first count will be considered.

This cause is before this Court on the basis of the complaint and exhibits filed on December 14, 1977, and a joint stipulation of facts and attachments thereto entered into by all the parties. The complaint, joint stipulation and the associated exhibits reveal the following facts:

1. On December 30, 1975, Richard W. Cosby, Chief of the Environmental Control Division of the Attorney General's Office sent a letter to Jacob Dumelle, Chairman, Illinois Pollution Control Board, in which permission was granted to the Board to retain counsel to represent the Board in the *Illinois Environmental Protection Agency v. Illinois Pollution Control Board* case (hereinafter referred to as the First District litigation).

2. On June 10, 1976, Richard W. Cosby sent another letter to Jacob Dumelle in which permission was granted to the Board to retain counsel to represent the Board in the Peterson/Puritan appeal (hereinafter referred to as the Fourth District litigation).

3. Pursuant to the grants of authority from the Attorney General contained in said letters, the Board entered into two agreements (the First and Fourth District Agreements) with Roy E. Hofer on August 12, 1976. The First District Agreement authorized Hofer to represent the Board and to incur disbursements necessary in Hofer's judgment therefore in the First District litigation. The Board agreed to pay for the legal services rendered and disbursements incurred by Hofer and other lawyers and personnel of the Hume firm in representing the Board in the First District litigation, said legal services not to exceed $5,000.00 unless approved by the Board. No limit was placed on the amount of disbursements allowable according to Hofer's judgment. The Fourth District Agreement was similar in substance except that the legal services and disbursements were for Hofer's representing the Board before the Ill. App., 4d litigation.

4. On January 28, 1977, the Supreme Court of Illinois granted the Board's petitions for leave to appeal in the First and Fourth District litigation.

5. On January 28, 1977, Hofer and the Board entered into two supplemental agreements (First and Fourth District Supplemental Agreements). In the First District Supplemental Agreement, the Board authorized Hofer and the Hume firm to provide legal services in representing the Board before the Supreme Court of Illinois in the First District litigation. The Board agreed to pay the disbursements authorized by Hofer and the legal services he and others of the Hume firm rendered on behalf of the Board in said litigation. The fee for said legal services was not to exceed $5,000.00 unless approved by the Board. No limit was placed on the amount of disbursements allowable according to Hofer's judgment. The Fourth District Supplemental Agreement was similar in substance except that the legal services and disbursements were for Hofer's representing the Board before the Illinois Supreme Court in the Fourth District litigation.

6. Claimant, Hofer, has provided the legal services required in the First and Fourth District Agreements and the supplements thereto, has incurred disbursements as a result thereof, and has performed all other obligations required of him by said agreements and supplemental agreements.

7. In fulfilling the terms of said agreements and supplemental agreements, Hofer and firm associates in the Hume firm spent a total of 523.25 hours working on the First and Fourth District litigation before the Ill. App., (First and Fourth Districts) and the Illinois Supreme Court. For this time, pursuant to said agreements and supplements thereto, Claimant seeks an award of $20,000.00 or approximately $28.22 per hour.

8. In fulfilling the terms of the agreements and Supplements thereto, Hofer incurred disbursements of $325.00 in the First District litigation, $261.00 in the Fourth District litigation, and $1,098.76 in the appeal of said litigation to the Illinois Supreme Court, for a total of $1,684.76. These disbursements were for Xeroxing, long distance telephone calls, filing fees and normal expenses associated with a Supreme Court appeal.

9. Claimant, Hofer's, total claim in this case pursuant to the terms of the agreements and Supplements thereto with the Board is for $21,684.76.
10. The Respondent, the Board and the Claimant have entered into a joint stipulation agreeing that the Claimant, Roy E. Hofer, be awarded the sum of $21,684.76.

The award stipulated by the parties hereto is justified because the agreements and supplemental agreements were entered into with the permission of the Attorney General.

It is established law in the State of Illinois that the Attorney General "is the law officer of the people, as represented in the State Government, and its only representative in the Courts." *Fergus v. Russel, (1915), 270 Ill. 304; Stein v. Howlett (1972), 52 Ill. 2d 570; People ex rel. Scott v. Briceland, 65 Ill. 2d 485.* See also *1970 Illinois Constitution, Article V, Section 15; Ill. Rev. Stat. ch. 14, para. 4.* Pursuant to his position as the State's sole legal officer, the Attorney General has the power to permit other attorneys to assist him to perform his responsibilities, such as those of representing a State agency, the Illinois Pollution Control Board.

It is apparent from the facts before this Court that prior to contracting with Mr. Hofer, the Board did seek the permission of the Attorney General to retain outside counsel. Two letters from Richard W. Cosby, Assistant Attorney General, granting such permission pre-date the agreements with Mr. Hofer. Regarding the First District litigation, the Board obtained authority from the Attorney General to retain outside counsel on December 30, 1975. Similarly, in the Fourth District litigation, the Attorney General withdrew his appearance on behalf of the Board on June 9, 1976, and granted permission to the Board to represent itself on June 10, 1976. Both the First and Fourth District Agreements between the Board and Mr. Hofer are dated August 12, 1976.

Because the Board sought and obtained permission from the Attorney General to retain private counsel beforehand, the Attorney General retained his role of chief legal officer of the State, and his duties of directing the legal affairs of the State and its agencies. Far from hampering the execution of the Attorney General's duties, the hiring of outside counsel permitted the Attorney General to accomplish his responsibility of ensuring that the Board was properly represented, when other considerations apparently made it difficult, inconvenient or impossible for him or his staff to do so personally.

As to the second count of the complaint filed in this action, Claimant prays for an award of $29,956.01 based on a theory of quantum meruit. It is established law in the Court of Claims that recovery cannot be had under quantum meruit against the State of Illinois. *Schutte & Koerting Company, et al. v. State of Illinois, 22 Ill.Ct.Cl. 591,626.* Therefore, Claimant's recovery under Count II of the complaint herein is hereby denied.

Accordingly, the Claimant, Roy E. Hofer, is hereby awarded the amount of $21,684.76 in full payment and satisfaction for legal services rendered and disbursements incurred pursuant to the First District Agreement (August 12, 1976), and Fourth District Agreement (August 12, 1976), and First District Supplemental Agreement (January 28, 1977) and the Fourth District Supplemental Agreement (January 28, 1977) between the Claimant and the Illinois Pollution Control Board for legal representation before the Illinois Appellate Courts, First and Fourth Districts and subsequently before the Illinois Supreme Court.